UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KRISTOPHER M. MORGAN,

    Plaintiff,

v.                                                      Case No. 5:21-cv-133-TKW/MJF

BAY COUNTY FLORIDA,

    Defendant.
_____/

# REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action, has failed to pay the initial partial filing fee, and has failed to comply with court orders, the undersigned recommends that the District Court dismiss this action without prejudice.[1]

## I. BACKGROUND

On June 29, 2021, Plaintiff, a pretrial detainee proceeding *pro se*, initiated this section 1983 action in the United States District Court for the Western District of Arkansas. Doc. 1. On June 30, 2021, this action was transferred to the United States District Court for the Northern District of Florida because the events giving rise to

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

his claims occurred in Bay County, which is located in the Northern District of Florida. Docs. 3, 4.

On July 21, 2021, because Plaintiff filed his complaint and motion for leave to proceed *in forma pauperis* on the forms approved for use in the Western District of Arkansas, the undersigned ordered Plaintiff to file an amended complaint and new motion for leave to proceed *in forma pauperis* on the forms approved for use by the Local Rules of the United States District Court for the Northern District of Florida. Doc. 6. The undersigned imposed a deadline of August 20, 2021 to comply. The undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to comply with the Local Rules. *Id.* at 4.

On August 9, 2021, Plaintiff filed an amended complaint and motion for leave to proceed *in forma pauperis*. Docs. 7, 8. On August 11, 2021, the undersigned granted Plaintiff leave to proceed *in forma pauperis* and assessed Plaintiff $46.66 as an initial filing fee. Doc. 9. The undersigned imposed a deadline of September 10, 2021 to comply. The undersigned warned Plaintiff that his failure to comply likely would result in dismissal of this action for failure to comply with an order of the court, and failure to pay the filing fee, and failure to prosecute. *Id.* at 3. Plaintiff did not comply with the order.

On September 24, 2021, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of August 11, 2021. Doc. 10. The undersigned imposed a deadline of October 8, 2021 to comply. The undersigned warned Plaintiff that his failure to comply likely would result in dismissal of this action for failure to comply with an order of the court, and failure to pay the filing fee, and failure to prosecute. *Id.* at 1.

On October 4, 2021, Plaintiff responded to the undersigned's show-cause order and stated that he was unable to pay the initial partial filing fee because Plaintiff was incarcerated. Doc. 11.

On November 22, 2021, because it appeared that Plaintiff's clams were patently frivolous, the undersigned ordered Plaintiff to file second amended complaint or a notice of voluntary dismissal. Doc. 12. The undersigned imposed a deadline of December 22, 2021 to comply. The undersigned again warned Plaintiff that his failure to comply likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules and the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted. *Id.* at 11. Plaintiff did not comply with the order.

On January 3, 2022, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of November 22, 2021. Doc. 14. The undersigned imposed a deadline of January 24, 2022 to comply. The

undersigned again warned Plaintiff—for a fourth time—that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules and the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted. *Id.* at 1. As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). A court also may dismiss an action for failure to pay the filing fee. *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002). Courts need not wait for a

motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On August 11, 2021, the undersigned ordered Plaintiff to pay an initial partial filing fee of $46.66. Doc. 9. Additionally, on November 22, 2021, the undersigned ordered Plaintiff to file a second amended complaint or a notice of voluntary dismissal. Doc. 12. Despite having over six months to pay the initial partial filing fee and over two months to file a second amended complaint or a notice of voluntary dismissal, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's order to show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.[2]

---

[2] Two orders issued by the undersigned were returned to the clerk of the court as "undeliverable." Docs. 13, 15. Plaintiff is responsible for keeping this court apprised of his current address, and his failure to do so here further demonstrates his failure to prosecute this action.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action, has failed to pay the initial partial filing fee, and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 15th day of February, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**